IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DAVID GREMAR, et al., § | |
| § | |
| *Plaintiffs*, § | |
| § | |
| v. § | Civil Action No.  SA-13-CV-434-XR |
| § | |
| BEXAR COUNTY, TEXAS § | |
| § | |
| *Defendant*. § | |
| § | |

**ORDER**

On this date, the Court considered Defendant's Bexar County's motion for summary judgment (docket no. 16) and Plaintiffs' response thereto.  After careful consideration, the Court GRANTS the motion.

**BACKGROUND**

Plaintiffs David Gremar and Lorinda Innocencio were employed by the Bexar County Precinct 3 Constable's Office.  Plaintiffs' Second Amended Complaint alleges that this particular office had a history of thefts, and that at some point during Plaintiffs' employ, $1,000 disappeared from the office safe. Doc. No. 23, at 1.  Plaintiffs were subsequently prosecuted for the theft, but the case was dismissed.

Plaintiffs filed suit in 438th Judicial District Court of Bexar County, Texas against Defendant Bexar County.  On May 22, 2013, Bexar County removed the action to this Court. Plaintiffs allege that Defendant engaged in malicious prosecution and conspired, with its

agents, to deprive Plaintiffs of their Fourth, Fifth, and Fourteenth Amendment rights. On November 13, 2013, Defendant filed this motion for summary judgment, asserting that Plaintiffs have no evidence of an official policy or informal custom.

## LEGAL STANDARD

Summary judgment is proper when the evidence shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-52 (1986). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails . . . to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Curtis v. Anthony*, 710 F.3d 587, 594 (5th Cir. 2013) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

The Court must draw reasonable inferences and construe evidence in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Although the evidence is viewed in the light most favorable to the nonmoving party, a nonmovant may not rely on "conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence" to create a genuine issue of material fact sufficient to survive summary judgment. *Freeman v. Tex. Dep't of Criminal Justice*, 369 F.3d 854, 860 (5th Cir. 2004).

## DISCUSSION

Defendant argues that summary judgment is warranted because Plaintiffs have failed to identify any custom or policy that caused their rights to be violated. Plaintiffs respond that

"[a] malicious prosecution claimant under § 1983 does not have to prove the custom or policy requirement." Docket no. 18 at 2.[1]

"A municipality may not be held liable under § 1983 solely because it employs a tortfeasor." *Bd. of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 403 (1997). Instead, a plaintiff seeking to impose liability on a municipality under § 1983 must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Id.*; *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658, 690-91 (1978) ("[L]ocal governments, like every other § 1983 'person,' by the very terms of the statute, may be sued for constitutional deprivations visited pursuant to governmental 'custom'. . . ."). Thus, in order to establish municipal liability under § 1983 there must be "proof of an 'official policy,' a 'final' policymaker, and the policymaker's 'knowledge' of, or 'deliberate indifference' to, a risk of constitutional violations." *Winfrey v. San Jacinto Cnty.*, 481 F. App'x 969, 976 (5th Cir. 2012); *see also Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (indicating that proof of a policymaker, an official policy, "and a violation of constitutional rights whose 'moving force' is the policy or custom" are required to support municipal liability). Plaintiffs contend that they need not prove the custom or policy requirement in a malicious prosecution claim, but cite no cases to support this assertion, and the Court has located none. It appears that Plaintiffs are confusing claims against individuals with claims against municipalities, which undoubtedly require a showing of custom or policy.

---

[1] Plaintiffs focus almost all of their briefing on their argument that the Fifth Circuit "has long recognized a cause of action for malicious prosecution under § 1983" and the elements of such a cause of action under Texas law (including whether there was probable cause). In discussing the elements of the claim, however, Plaintiffs erroneously rely on the 2002 panel opinion in *Castellano v. Fragozo*, 311 F.3d 689 (5th Cir. 2002), which was superseded by the *en banc* opinion in 2003. *Castellano v. Fragozo*, 311 F.3d 689, 698 (5th Cir. 2002), *reh'g en banc granted, opinion vacated,* 321 F.3d 1203 (5th Cir. 2003) and *opinion after grant of reh'g,* 352 F.3d 939 (5th Cir. 2003) (en banc). In addition, *Castellano* did not involve claims against a municipality, and therefore the plaintiff was not required to prove custom or policy.

Plaintiffs' Second Amended Complaint states that "plaintiffs' would further show that such actions amounted to a local policy. . . ." Doc. No. 23, at 2. However, Plaintiffs' allegations are not evidence, and Plaintiffs have provided no evidence of custom or policy in response to Defendant's motion. Because Plaintiffs provide no such evidence, Plaintiffs' claim that Bexar County violated their Fourth, Fifth, and Fourteenth Amendments rights are subject to summary judgment.

## CONCLUSION

Defendant's motion for summary judgment (docket no. 16) is GRANTED. Judgment in favor of Defendant shall issue separately according to Rule 58. The Clerk is directed to enter Judgment that Plaintiffs take nothing on their claims against Bexar County, and that Plaintiffs' suit is DISMISSED ON THE MERITS. Defendant is awarded costs and shall file a bill of costs in the form required by the Clerk of the Court, with supporting documentation, within fourteen days of the Judgment.

SIGNED this 30th day of January, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE