IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DAVID GREMAR, et al., § | |
| § | |
| *Plaintiffs,* § | |
| § | |
| v. § | Civil Action No.  SA-13-CV-434-XR |
| § | |
| BEXAR COUNTY, TEXAS § | |
| § | |
| *Defendant*. § | |
| § | |

**ORDER**

On this date, the Court considered Plaintiffs David Gremar and Lorinda Innocencio's motion for new trial and motion to supplement response to motion for summary judgment. Doc. No. 32.  After careful consideration, the Court denies the motion.

**BACKGROUND**

Plaintiffs David Gremar and Lorinda Innocencio were employed by the Bexar County Precinct 3 Constable's Office.  Plaintiffs' Second Amended Complaint alleges that this particular office had a history of thefts, and that at some point during Plaintiffs' employ, $1,000 disappeared from the office safe. Doc. No. 23, at 1.  Plaintiffs were subsequently prosecuted for the theft, but the case was dismissed.

Plaintiffs brought a § 1983 claim alleging that Defendant Bexar County engaged in malicious prosecution and conspired, with its agents, to deprive Plaintiffs of their Fourth, Fifth, and Fourteenth Amendment rights.  Defendant Bexar County moved for summary judgment on the basis that Plaintiffs had failed to demonstrate a policy or custom.  In a § 1983 claim, "local

1

governments, like every other § 1983 'person,' by the very terms of the statute, may be sued for constitutional deprivations visited pursuant to governmental 'custom'. . . ." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690-91 (1978).  In order to establish municipal liability under § 1983 there must be proof of a policymaker, an official policy, "and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).  Plaintiffs provided no evidence of custom or policy in response to Defendant's motion for summary judgment.  As a result, on January 30, 2014, this Court granted Defendant's motion for summary judgment on the ground that Plaintiffs had not created a fact issue as to custom or policy.

Plaintiffs now seek a new trial and to supplement their response to the motion for summary judgment with the deposition of Rudy Garza ("Capt. Garza"), Captain with the Bexar County Constable's Office, Precinct 3.  Motion at 1.  In his deposition, dated January 28, 2014, Capt. Garza "was asked to assume three things: (1) That there was $1,000.00 locked in a bag in the safe; and (2) That the Plaintiffs cannot unlock the safe; and (3) That when he opened the safe the bag was missing." *Id.* at 1-2.  Capt. Garza is then asked, assuming these possibilities to be true, and assuming that Capt. Garza and Bexar County prosecuted the Plaintiffs knowing these three things to be true, whether he agreed that under such facts this would constitute malicious prosecution.  *Id.* at 2.  Capt. Garza responded, "If we assume these things." *Id.*  According to Plaintiffs, Captain Garza was a witness to some of the underlying events, prepared an investigative report, and was the complainant for the criminal charges.

Since there has not been a trial, and since Plaintiffs filed their motion within twenty-eight days of judgment, the Court construes Plaintiffs' motion as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *See Demahy v. Schwarz Pharma, Inc.*,

702 F.3d 177, 182 n.2 (5th Cir. 2012) (explaining that a motion challenging a prior judgment on the merits is treated as a motion to alter or amend judgment under Rule 59(e) if the motion was filed within twenty-eight days after the entry of judgment); *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997) (construing a motion for new trial, challenging an entry of summary judgment, as a Rule 59(e) motion to alter or amend judgment).

## LEGAL STANDARD

A Rule 59(e) motion to alter or amend a judgment is an "extraordinary remedy" used only sparingly by the courts. *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir.2004). Such a motion calls into question the correctness of the court's judgment, which "will not be disturbed in the absence of a showing that it has worked an injustice." *Id.* at 478; *Tate v. Tex.*, 97 F.3d 810, 814 (5th Cir. 1996). The motion "serves[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet*, 367 F.3d at 479; *see also Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Additionally, relief is appropriate when there has been an intervening change in the controlling law. *Schiller*, 342 F.3d at 567; *Tate*, 444 F. App'x at 724; 11 Wright, Miller & Kane, Federal Practice & Procedure: Civil 2d § 2810.1 (2d ed.1995). A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479.

Because altering or amending a judgment is such an extraordinary remedy, the Rule 59(e) standard favors denial of such motions. *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). Nevertheless, since specific grounds for granting a motion to alter or amend are not listed in the Rules, a district court enjoys considerable discretion in granting or denying the

motion. *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993); *Templet*, 367 F.3d at 477 (stating that a district court's Rule 59(e) decision will be reviewed only for abuse of discretion). However, a court's discretion is not without limits. "The court must strike the proper balance between two competing imperatives: (1) finality and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co.*, 6 F.3d at 355.

## DISCUSSION

Plaintiffs contend that they should be allowed to supplement their response to the Defendant's motion for summary judgment with additional evidence - the deposition of Capt. Garza. However, Plaintiffs fail to demonstrate how this additional evidence is relevant to the existence of a custom or policy on the part of Bexar County. As previously indicated, in order to establish municipal liability under § 1983 there must be "proof of an official policy, a final policymaker, and the policymaker's knowledge of, or deliberate indifference to, a risk of constitutional violations." *See, e.g.*, *Winfrey v. San Jacinto Cnty.*, 481 F. App'x 969, 976 (5th Cir. 2012) (internal quotation marks omitted). No additional evidence of such a custom or policy or an action by an official policymaker has been provided by Plaintiffs.[1] As before, Plaintiffs fail to demonstrate an official custom or policy and fail to establish that an official policymaker acted with deliberate indifference. Plaintiffs' supplemental evidence does not cure these deficiencies. Accordingly, the motion to supplement the record is denied, and the motion for new trial, being treated as a Rule 59(e) motion to alter or amend the judgment, is also denied.

---

[1] Plaintiffs mention Capt. Garza and Constable Vojvodich (who prepared an investigation report) in their response, but they do not argue or establish that Capt. Garza or Constable Vojvodich are official policymakers for Bexar County. *See Castro v. McCord*, 259 F. App'x 664, 668 (5th Cir. 2007) ("[Plaintiff's] failure to cite authority . . . is not surprising in light of the district court's recognition of our caselaw that indicates that, as a matter of law, constables are not policymakers."); *Jackson v. Ford*, No. 12-50355, 2013 WL 5969706 (5th Cir. Feb. 27, 2013) ("[I]n Texas, '[t]he sheriff is without question the county's final policymaker in the area of law enforcement.'" (quoting *Colle v. Brazos Cnty., Tex.,* 981 F.2d 237, 244 (5th Cir. 1993))).

## CONCLUSION

In light of the foregoing, Plaintiffs' motion for new trial and motion to supplement response to motion for summary judgment is DENIED. Doc. No. 32.

SIGNED this 7th day of March, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE